UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMPANHIA DE NAVEGAÇÃO NORSUL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| vs. | ) | IN ADMIRALTY |
| | ) | |
| MARINE SUPPLY NETWORK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Companhia de Navegação Norsul ("Norsul"), by its attorneys Palmer Biezup & Henderson LLP, brings this Verified Complaint against Marine Supply Network, LLC ("Marine Supply") and avers as follows:

1. Norsul is a Brazilian company with a principal place of business at Avenida Augusto Severo 8, CEP 20021-040, Rio de Janeiro - RJ, Brasil.

2. Upon information and belief, Marine Supply is a Delaware limited liability corporation whose mailing address is 3422 Old Capitol Trail, PMB 197, Wilmington, Delaware, 19808, and whose registered agent is John L. Williams, Esq., c/o Agents and Corporations, Inc., 1201 Orange Street, Suite 600, Wilmington, Delaware 19899.

3. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as will more fully appear, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4.     Venue in this district is proper under 28 U.S.C. § 1391 and the general maritime law.

## BACKGROUND

5.     Norsul is a Brazilian ship-owning company, which, in early 2004, required certain marine engine parts for use on three of its oceangoing vessels.

6.     In particular, Norsul required sealing rings, clamps, and oil scraper rings for use aboard the M/V NORSUL SANTOS; sealing rings, guide rings and tension springs for use aboard the M/V NORSUL RIO; and cylinder liners for use aboard the M/V NORSUL TUBARÃO.

7.     Norsul solicited offers from several sources, including Marine Supply, which held itself out as a reputable supplier of specialized marine engine parts.

8.     On January 7, 2004, Marine Supply offered to sell Norsul the parts for use aboard the M/V NORSUL SANTOS for $1,189.38, which offer Norsul accepted on January 28, 2004. (See Exhibit A, attached hereto.)  It was agreed that Norsul would pay the purchase price for these parts in advance.

9.     On January 22, 2004, Marine Supply offered to sell Norsul the parts for use aboard the M/V NORSUL RIO for $1,781.28, which offer Norsul accepted on January 28, 2004. (See Exhibit B, attached hereto.)  It was agreed that Norsul would pay the purchase price for these parts in advance.

10.    On February 4, 2004, Norsul forwarded the sum of $2,970.66 via wire transfer to Marine Supply as full payment for the parts to be used aboard the M/V NORSUL SANTOS and the NORSUL RIO. (See Exhibit C, attached hereto).

11. On or about February 13, 2004, Marine Supply offered to sell Norsul three cylinder liners for use on the M/V NORSUL TUBARÃO at a price of $7,571.43 per liner, which offer Marine Supply accepted. (See Exhibit D, attached hereto.) It was agreed that Norsul would remit one-half of the purchase price of the liners in advance.

12. On February 16, 2004, Norsul forwarded the sum of $11,945.71 via wire transfer to Marine Supply, which sum consisted of $3,785.71, Norsul's agreed prepayment of one-half of the purchase price of one liner, plus $8,160.00, the cost of air shipping the liner to Rio de Janeiro for placement aboard the M/V NORSUL TUBARÃO. (See Exhibit E, attached hereto.)

13. On February 17, 2004, Norsul forwarded the sum of $16,139.42 via wire transfer to Marine Supply, which sum consisted of $7,571.42, Norsul's agreed prepayment of one-half of the purchase price of the other two liners, plus $8,568.00, the cost of air shipping one of the liners to Rio de Janeiro for placement aboard the M/V NORSUL TUBARÃO. (See Exhibit F, attached hereto.)

14. Marine Supply did not perform any of its obligations to Norsul, did not deliver any of the parts for which Norsul paid, and to date has not returned any of the payments it received from Norsul.

15. As a result of Marine Supply's failure to perform its obligations, Norsul was compelled to pay €900.00 (approximately $1,104.30) for substitute sealing rings and €1,632.20 (approximately $1,934.32) for substitute guide rings and tension springs for use aboard the M/V NORSUL RIO. (See Exhibits G and H respectively, attached hereto.) The difference between the costs of the substitute parts ($3,038.62) and Marine Supply's contract price for these parts ($1,781.28) is $1,257.34.

16. As a further result of Marine Supply's failure to perform its obligations, Norsul was compelled to expend €36,593.48 (approximately $45,269.79) to obtain two substitute cylinder liners and have them air shipped to Rio de Janeiro for placement aboard the M/V NORSUL TUBARÃO. (See Exhibit I, attached hereto.) The difference between the cost of the substitute parts ($45,269.79) and Marine Supply's contract price for these two liners ($31,870.86) is $13,398.93.

17. As a further result of Marine Supply's failure to perform its obligations, Norsul was compelled to expend €8,228.46 (approximately $10,126.77) to obtain a third substitute cylinder liner and have it shipped by sea to Rio de Janeiro for placement aboard the M/V NORSUL TUBARÃO. (See Exhibit J, attached hereto.) The difference between the cost of the substitute part ($10,126.77) and Marine Supply's contract price for the third liner ($7,571.43) is $2,555.34.

## COUNT ONE – BREACH OF CONTRACT

18. The allegations in paragraphs 1 through 17 of the Complaint are incorporated as if fully set forth herein.

19. Marine Supply has breached its sale and purchase contracts with Norsul by refusing to fulfill its obligations under the parties' contracts and by refusing to refund Norsul's combined advanced payments of $31,055.79.

20. By reason of the above, Norsul has sustained damages of at least $47,010.06 (consisting of $31,055.79 paid to Marine Supply but not refunded and an additional $15,954.27 spent to obtain substitute parts), for which damages Marine Supply is liable.

WHEREFORE, Norsul prays that this Honorable Court enter a judgment in Norsul's favor and against Marine Supply in the amount of at least $47,010.06, together with pre- and post-judgment interest, costs, and attorneys' fees, and that this Court grant all other relief as it deems proper.

## COUNT TWO – UNJUST ENRICHMENT

21. The allegations in paragraphs 1 through 17 of the Complaint are incorporated as if fully set forth herein.

22. Norsul paid Marine Supply the total sum of $31,055.79 based upon Marine Supply's contractual promise and representations that it would supply the marine engine parts for which Norsul had need.

23. Marine Supply did not perform as it promised and has not returned these funds to Norsul.

24. As a result of the foregoing circumstances, Marine Supply received an unjust enrichment at Norsul's expense without conferring any benefit upon Norsul.

25. Marine Supply has no legal or equitable basis for refusing to refund Norsul's payments.

26. By reason of the above, Norsul has sustained damages of at least $31,055.79, for which damages Marine Supply is liable.

WHEREFORE, Norsul prays that this Honorable Court enter a judgment in Norsul's favor and against Marine Supply in the amount of at least $31,055.79, together with pre- and post-judgment interest, costs, and attorneys' fees, and that this Court grant all other relief as it deems proper.

## COUNT THREE – CONVERSION

27. The allegations in paragraphs 1 through 17 of the Complaint are incorporated as if fully set forth herein.

28. Marine Supply has exercised wrongful and unlawful dominion over Norsul's funds in the amount of $31,055.79, has converted these funds to its own use and benefit, and continues to do so without justification and contrary to Norsul's right to the return of these funds.

29. By reason of the above, Norsul has sustained damages of at least $31,055.79, for which damages Marine Supply is liable.

WHEREFORE, Norsul prays that this Honorable Court enter a judgment in Norsul's favor and against Marine Supply in the amount of at least $31,055.79, together with pre- and post-judgment interest, costs, and attorneys' fees, and that this Court grant all other relief as it deems proper.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: April 14, 2005

By: _____
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
Attorneys for Companhia de
Navegação Norsul

Of Counsel:

Frank P. DeGiulio
PALMER BIEZUP & HENDERSON LLP
956 Public Ledger Building
620 Chestnut Street
Philadelphia, PA 19106-3409
(215) 625-9900
(215) 625-0185 (fax)

PBH: 174585.1